William W. DAVIDSON, Jr., Plaintiff,

v.

Robert C. WATSON, Commissioner of
Patents, Defendant.

Civ. A. No. 113–58.

United States District Court
District of Columbia.

Feb. 18, 1960.

Clarence M. Fisher, Washington, D. C.,
for plaintiff.

C. W. Moore, Sol. U. S. Patent Office,
Washington, D. C., for defendant.

PINE, Chief Judge.

### Findings of Fact

1. William W. Davidson, Jr. brought
this action under 35 U.S.C. § 145 to au-thorize the Commissioner of Patents to
issue a patent to him containing claims
34 and 41 of his application entitled Ap-
paratus and Method for Simplified Pho-
tocomposition Corrections, filed May 2,
1950, Serial No. 159,592.

2. The application claims 34 and 41
in suit here are directed to a method
useful in the printing industry of pro-
viding a corrected replacement for a film
bearing photocomposed textual matter in
which one line or some of the lines need
correction.

3. Claim 41 reads as follows:

"41. The method of producing a
corrected film, suitable for immedi-
ate use in making a printing plate,
from a first film similarly suitable
for immediate use in making a
printing plate but having an errone-
ous line therein, which includes the
steps of applying a developed film
representing a simple same-size
image of the image in said first film,
reversed as compared to the first de-
velopment of the image in said first
film, and a fresh film in relationship
for producing on the fresh film a
same-size latent image of a visible
image on the developed film, selec-
tively advancing said fresh film and
developed film with line spacing
steps variably controlled as to length
of step, and selectively exposing the
line portions of the fresh film to ex-
posure to the developed film when
the line of the developed film is cor-
rect, and when the line of the de-
veloped film needs correction, op-
erating said photocomposing projec-
tor to select characters and expose
the line portion of the fresh film to
the projection of said characters."

4. The claims in issue were rejected
on Westover patent No. 2,616,330, issued
November 4, 1952 on an application filed
August 6, 1947, considered with Bryce
patent No. 2,355,268 and Friess patent
No. 1,591,118.

5. Westover discloses as steps in the
production of a film intended for plate-
making, the photocomposition of a first

preliminary film and, after proofreading an enlarged print of it, the photocomposition of a second preliminary film, called a "correction strip", and possibly three other preliminary films, for one of which secondary corrections are mentioned. None of these preliminary films is intended for, or is likely to be directly suitable for platemaking, but for selectively projecting lines therefrom to produce the plate-making film. This plate-making film would be different from the preliminary films in size of print, positive or negative characteristics and usually in the relative dimensions of line spacing to type height.

6. Westover makes no disclosure as to how to correct errors which might be found in the plate-making film, and his plate-making film cannot (even in the light of plaintiff's method) be substituted for one of his preliminary films to retain, in a repetition of the Westover operation, the benefits of the first selective projection from the different preliminary films.

7. The Bryce patent discloses the production of a film bearing an accounting statement by projection onto the film successively from three different parts of a slide; and, while the middle part is being projected, projecting also lines of accounting data from a rudimentary photocomposer controlled by punched accounting cards. It includes no suggestion that the film thus produced might have errors. If the possibility of such errors now be considered, it includes no way to preserve the work represented by the correct part of the film while correcting the error.

8. The Friess patent from the silent motion picture field discloses preparing a positive film from a negative while simultaneously adding a caption such as titles, dialogue or the like, by stopping the exposure through the negative film and repeatedly projecting to successive portions of the film being prepared the entire text on a previously prepared slide. There is no disclosure that the captions thus added might have errors. If there were errors it is not apparent that the Friess method would be (or without change could be) used for their correction, but if this now be conceived, the correction of a caption would involve delay for the preliminary preparation of a new slide.

9. Friess and Bryce, having no suggestions as to corrections, do not suggest that any changes should be considered in the features of Westover relating to corrections. Although Bryce and Friess include different photographic methods, each for its own purpose, it is not obvious how either or both could be combined with Westover to give plaintiff's method.

10. Four different manufacturers are now selling photocomposition machines for ordinary textual composition in the printing industry. All use a method of correction that cuts from the plate-making film an erroneous line and substitutes for it a corrected line from another photocomposed film which of necessity must have been composed, developed and dried after the error was found.

11. The problem of making corrections has long been recognized in the industry as a severe problem and has been an obstacle to the wider use of photocomposition, especially in fields where speed of correction is vital.

12. Plaintiff's system meets his goal of enabling photocomposition to compete on a substantially equal basis, timewise, with "Linotype" regardless of the number of times corrections are needed, a goal that cannot be approached by Westover or by the "stripping in" methods.

13. Notwithstanding the allowance of apparatus claims, method claim 41 is necessary to ensure the plaintiff of adequate protection of his invention.

14. Plaintiff has not established that the defendant should be authorized by this Court to issue a patent including a method claim of the type of claim 34, which refers to an apparatus claim.

15. The differences between the subject matter of claim 41 and the disclosures of the patents to Westover No. 2,-616,330, Bryce No. 2,355,268 and Friess

No. 1,591,118 are such that the subject matter claimed would not have been obvious to a person having ordinary skill in the photocomposition art.

### Conclusions of Law

1. On the evidence presented to the Court, the plaintiff should not be denied a patent including claim 41 by reasons of the provisions of Title 35 U.S.C. § 103.

2. The plaintiff is entitled to a patent including claim 41 of his application Serial No. 159,592, filed May 2, 1950.

3. Plaintiff is not entitled to a patent including claim 34 of said application Serial No. 159,592.